**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**BESSIE HUNT,**

       **Plaintiff,**

**vs.**                            **CASE NO.: 1:99-CV-025-SPM**

**JOANNE BARNHART, Commissioner
of the Social Security Administration,**

       **Defendant.**

_____/

**ORDER ON APPLICATION FOR AWARD OF ATTORNEY FEES**

**THIS CAUSE** comes before the Court upon the "Application for an Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1)" (doc. 26) filed by Plaintiff's counsel on April 21, 2006; the Government's response requesting a record of hours expended on the case (doc. 27); Plaintiff's reply to that response (doc. 29); and the Government's reply (doc. 31).  For the reasons set forth below, the Court finds the motion should be granted.

After successfully obtaining a reversal and remand of his client's Social Security case, Plaintiff's counsel applied for and received $2,376 in fees under the Equal Justice to Access Act.  Upon remand, Plaintiff was awarded $50,726.68 in past-due benefits.  Twenty-five percent of that amount, or

$12,681.67, was held in escrow for payment of attorney fees, and the remainder was disbursed to Plaintiff.

Plaintiff's counsel now moves to have the $12,681.67 awarded to him pursuant to section 406(b) of the Social Security Act and the contingency-fee agreement he entered into with Plaintiff.  Although the request is quite tardy—almost three years after the award notice was issued—the Court will review the merits of the motion.[1]

For purposes of Social Security benefits claims, the governing case in analyses of fee determination is Gisbrecht v. Barnhart, 535 U.S. 789 (2002), a United States Supreme Court case which comprehensively details the history of and interplay between the traditional lodestar approach,[2] the 25% approach of the Social Security Act [referred to here as § 406(b)],[3] and the time-and-rate approach of the Equal Justice to Access Act (referred to here as § 2412).[4]  The lodestar approach, designed to control imposition of fees on the losing party, id. at 802, 806, is different in nature from § 406(b) and § 2412 cases, in which fees

---

[1]     *See* Bergen v. Comm'r of Social Security, 444 F.3d 1281, 1286 (11th Cir. 2006).

[2]  The lodestar approach multiplies the number of hours reasonably devoted to each case by a reasonable hourly fee.  Gisbrecht, 535 U.S. at 797-798.

[3]  The relevant provision for purposes of this order is 42 U.S.C. § 406(b).

[4]  28 U.S.C. § 2412.

are payable out of the successful party's recovery amount from the United

States.  Id. at 802.  When an attorney has successfully obtained a recovery of a

Social Security claimant's past-due benefits, he is entitled to a "reasonable" fee

under § 406(b) "not in excess of 25 percent of the total of the past-due benefits . .

. ," and the Social Security Commissioner is authorized to withhold this fee from

the claimant's final payout.

The Equal Justice to Access Act (EAJA) requires additional fees to be

awarded if the United States's position in the litigation was not "substantially

justified."  28 U.S.C. § 2412(d)(1)(A).  While there is no cap on the amount that

can be awarded, the EAJA limits the hourly rate to $125 per hour, with limited

exceptions. 28 U.S.C. § 2412(d)(2)(A).

In order to avoid a "double-dip", i.e., recovery under both statutes for the

same work, Congress stipulated that the smaller of the two fees must be

refunded to the claimant.  Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 183,

186 (1985).  If Plaintiff's counsel is awarded fees under § 406(b), he must refund

to his client the $2,376 he received pursuant to EAJA.

The Social Security Act (SSA) and the EAJA were not designed to usurp

contingency-fee agreements between client and counsel.  Gisbrecht, 535 U.S. at

793, 807.  In fact, the SSA accommodates fee agreements that do not exceed

the lesser of a) 25% of the claimant's recovery, or b) $5,300.  42 U.S.C. §

406(a)(2)-(4).[5]

The <u>Gisbrecht</u> decision instructed district courts to review fee agreements

for reasonableness, using the 25% boundary line set by Congress.  Within that

boundary, the attorney "must show that the fee sought is reasonable for the

services rendered."  <u>Id.</u> at 807.  To that end, courts are authorized to require the

claimant's attorney to submit proof of the number of hours spent on the case and

a statement of his usually hourly rate in noncontingency cases.  <u>Id.</u> at 808.  If the

benefits are large in proportion to the amount of time expended, the court may

make a downward adjustment to avoid a windfall to the attorney.  <u>Id.</u> at 808.

Although <u>Gisbrecht</u> was decided in 2002, there have yet to be any Florida

cases applying it to actual calculations.  Indeed, in the entire Eleventh Circuit,

there exist four Georgia district court cases and one Alabama district court case.

An examination of those cases reveals a reliance on cases from the Second,

Sixth and Seventh Circuit Courts of Appeals, mainly because <u>Gisbrecht</u>, in

resolving a circuit split, adopted the position taken by those circuits.

Plaintiff's counsel submitted a record of time expended on the case and

---

[5]  The previous $4,000 amount was raised to $5,300 effective February 1, 2002.  *See* Notices, Social Security Administration, Maximum Dollar Limit in the Fee Agreement Process, 67 Fed. Reg. 2477 (Jan. 17, 2002).

his normal hourly rate in non-contingency cases.  The Government argues that dividing the attorney fees by the amount of time spent on the case would result in a windfall hourly rate.  This approach, however, which would require the Court to determine a "reasonable" hourly rate, is part of the lodestar method expressly rejected in Gisbrecht.  Instead, courts are to first look to the contingent-fee agreement itself and examine it for reasonableness in light of "the character of the representation and the results the [attorney] achieved."  Gisbrecht, 535 U.S. at 808.

Because of the risk undertaken by the attorney, contingency agreements usually result in a far higher fee for the attorney.  Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1366 (N.D. Ga. 2005)(citations omitted).  In this case, as with many others, Plaintiff's counsel was successful in getting the case remanded and obtaining over $50,000 in past-due benefits.  It is highly unlikely that Plaintiff would have been able to achieve this result on her own without the assistance of able counsel.

Additionally, the fee agreement did not involve any fraud or "overreaching", and there is no indication that counsel unreasonably delayed or hindered the resolution of the case.  Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002)(citations omitted).  The Court finds that Plaintiff's counsel

has shown that the $12,681.67 in attorney fees is reasonable and should be awarded.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.     The motion for attorney fees (doc. 26) is hereby *granted*.

2.     Plaintiff's counsel is entitled to attorney fees in the total amount of $12,681.67, which represents 25% of the $50,726.68 awarded as past-due benefits to Plaintiff.

3.     Upon receipt of the $12,681.67, counsel shall refund the amount of $2,376.00 to Plaintiff, which represents the amount awarded to counsel under EAJA and is the smaller of the two fees.

4.     The clerk is directed to mail a copy of this order to Plaintiff's client, Bessie Mae Hunt, at PO Box 1334, Chiefland, FL 32644.

**DONE AND ORDERED** this <u>tenth</u> day of July, 2006.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge